# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CRYSTAL PHOTONICS, INC.,**

    **Plaintiff/Counterdefendant,**

-vs-                                             **Case No. 6:11-cv-1118-Orl-31DAB**

**SIEMENS MEDICAL SOLUTIONS USA, INC.,**

    **Defendant/Counterplaintiff.**

## ORDER

      This matter comes before the Court on the Motion to Strike Defenses and Dismiss Counterclaims (Doc. 18) filed by the Plaintiff/Counterdefendant, Crystal Photonics, Inc. ("Crystal Photonics"), and the response in opposition (Doc. 20) filed by the Defendant/Counterplaintiff, Siemens Medical Solutions USA, Inc. ("Siemens"). Crystal Photonics asserts that most but not all of the counterclaims and affirmative defenses raised by Siemens are insufficiently pled or do not constitute affirmative defenses. Crystal Photonics is correct. The counterclaims and affirmative defenses raised by Siemens are nothing more than bare recitations of legal conclusions.[1] There is nothing in either the answer or in Siemens's response to the instant motion that suggests these defenses or counterclaims have merit.

---

[1] For example, Siemens's first affirmative defense states, in its entirety, that "[t]he Complaint fails to state a claim upon which relief can be granted." (Doc. 14 at 5). Its fifth defense reads, "[Crystal Photonics's] suit is barred or its claim for recovery is limited under the doctrines of waiver, acquiescence, implied license, and/or unclean hands." (Doc. 14 at 5). Siemens's third counterclaim asserts, in pertinent part, that the company is seeking a declaratory judgment of unenforceability because "discovery is likely to show that [one of the patents at issue] is unenforceable against Siemens Medical in whole or in part under the doctrines of waiver, acquiescence, estoppel, unclean hands, and/or laches." (Doc. 14 at 8-9).

Siemens argues that the defenses and counterclaims are sufficient because they put Crystal Photonics on notice that it may defend the instant suit on the asserted grounds. But the pleadings must serve as something more as a placeholder for potential claims and defenses. Conclusory allegations such as these do not put anyone on notice, as they do not suggest that the party actually intends to pursue them. If anything, they conceal any potentially meritorious counterclaims and affirmative defenses in a sea of irrelevancies. Such pleading practices likely also run afoul of Rule 11, which requires the pleading attorney to certify that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed.R.Civ.P. 11(b)(2). An attorney with no reason to believe the counterclaim or defense has any basis in fact cannot legitimately make such a certification.

Accordingly, it is hereby

**ORDERED** that the Motion to Strike Defenses and Dismiss Counterclaims (Doc. 18) is **GRANTED**. All of Siemens's affirmative defenses are **STRICKEN**, and all of its counterclaims are **DISMISSED WITHOUT PREJUDICE.** To the extent Siemens wishes to file an amended answer asserting affirmative defenses and counterclaims consistent with Rule 11 and its other relevant requirements, it may do so on or before January 3, 2012.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 21, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party